UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:  3:22-cr-141-HES-PDB

UNITED STATES OF AMERICA

v.

SCOTT ANDREW HOLLINGTON
_____/

# MOTION FOR STATEMENT OF PARTICULARS
# AND
# INCORPORATED MEMORANDUM OF LAW

COMES NOW the Defendant, Scott Andrew Hollington, by and through his undersigned counsel, pursuant to Rules 7(f) and 16, Federal Rules of Criminal Procedure, and respectfully moves the Court to order the United States to file a written statement of particulars, or, should the Court deem it appropriate, respond by way of discovery, specifying as definitely as possible the following:[1]

1. Count 1

   a. ¶A.8 – Identify any and all "federal regulations" referenced in said paragraph.

   b. ¶A.9 – Identify any and all "Florida laws" referenced in said paragraph.

   c. ¶A.9 – Identify any and all "Florida ... regulations" referenced in said paragraph.

   d. ¶A.9 – Identify the source of the alleged "Florida ... standards" referenced in subparagraphs a.-i. in said paragraph.

   e. ¶B.10 – Identify the "known" conspirators referenced in said paragraph.

   f. ¶B.10 – Identify the "unknown" conspirators referenced in said paragraph.

---

[1] This motion will reference the numbered paragraphs of the indictment, and will address, within that paragraph, issues relevant to that respective paragraph.

      g.      ¶B.10 – Identify how and in what manner "prescriptions were [not] issued for a legitimate medical purpose in the usual course of medical practice," referenced in said paragraph.

      h.      ¶B.10 – Identify what "acts" were performed to "hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof," referenced in said paragraph.

      i.      ¶B.10 – Identify what "statements" were made to "hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof," referenced in said paragraph.

2.    Counts 2-11

      a.      ¶2 – Identify how and in what manner "prescriptions were [not] issued for a legitimate medical purpose in the usual course of medical practice," referenced in said paragraph – as to <u>each</u> person listed in the chart, under the heading: "Prescription Issued To."

## MEMORANDUM OF LAW

1.    The complex indictment in this case includes wide-ranging, but entirely generic, and unspecified, claims of improper medical care.

2.    Given the complexity of this case, a bill of particulars is needed, and the government should cooperate with the Court and the parties in explicating their complex indictment.

3.    In addition, as stated in *United States v. Haas*, 583 F.2d 216, 221 (5th Cir. 1978),[2]

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Former Fifth Circuit Court of Appeals rendered on or before September 30, 1981.

"The function of a bill of particulars is to cure omissions of details that might enable the defendant to prepare his defense ..."

This complex indictment omits many details, thereby defeating the ability of Defendant to prepare his defense and/or properly fashion a motion to dismiss.

4. Informing the defendant of the names of alleged unindicted co-conspirators has been held a proper use of a bill of particulars. *United States v. McKey*, 551 F.2d 967, 970 (5th Cir. 1977).

5. While the Court has the discretion to grant a motion for a bill of particulars, that discretion should be freely exercised "with an awareness that an indictment may be sufficient on its face to state an offense, yet insufficient to adequately inform the accused of the charge against him to enable him properly to prepare his defense and, at least, to avoid prejudicial surprise." *King v. United States*, 402 F.2d 289, 292 (10th Cir. 1968).

6. An accused is entitled to notice of the charge or claim against him, not only sufficient to inform him that there is a charge of claim, but so distinct and specific as clearly to advise him what he has to meet, and to give him a fair and reasonable opportunity to prepare his defense, and such policy considerations are equally applicable to a bill of particulars. *See United States v. Palmisano*, 273 F. Supp. 750, 752 (E. D. Pa. 1967). Thus, a bill of particulars should be granted when the indictment appears too vague to inform a defendant fairly of the charge against him. *See United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971). Where the charge in the indictment is too general and indefinite to apprise the accused of the cause and nature of his accusation without the aid of a bill of particulars, it is error for the trial court to refuse to require such a bill. *See United States v. Clark*, 10 F.R.D. 622, 623 (W.D. Mo. 1950).

7. Absent the government properly defining the terms and scope of their complex

indictment, the Defendant cannot properly prepare a defense.  Nor can the Defendant properly prepare for this Court a motion to dismiss a defective indictment.

8. A grave danger exists when the "grand jury indicts on one theory of the illegal conduct, but the government prosecutes the case on an entirely different theory.  This roaming theory of the prosecution can produce trial error of constitutional proportions." *United States v. Chandler*, 388 F.3d 796, 798 (11th Cir. 2004).

9. As a constitutional guarantee of "fundamental fairness," a defendant "has the right to know with what [he] is charged [and] to proceed to trial on only those charges." *United States v. Adkinson*, 158 F.3d 1147, 1164 (11th Cir. 1998).

10. "[A]fter an indictment has been returned its charge may not be <u>broadened</u> through amendment, except by the grand jury itself." *Stirone v. United States*, 361 U.S. 212, 215-16 (1960)(emphasis added).  The indictment cannot be changed by either "the court or prosecuting attorney." *Id*., p. 217.  "[A] court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Id*.  A conviction on such an amendment is "fatal error." *Id*. p. 219.

WHEREFORE, it is respectfully requested a hearing be scheduled on this motion and this motion be granted.

Respectfully submitted,

**FALLGATTER CATLIN & VARON, P.A.**

/s/ Curtis S. Fallgatter
Curtis S. Fallgatter, Esq.
Florida Bar No:  0213225
200 East Forsyth Street
Jacksonville, Florida 32202
(904) 353-5800 Telephone
(904) 353-5801 Facsimile

                                          fallgatterlaw@fallgatterlaw.com
                                          Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by ( ) facsimile, ( ) hand delivery, (x) electronically, ( ) U. S. Mail to: Kirwinn Mike, Esq., Assistant U.S. Attorney, Office of the United States Attorney, 300 N. Hogan St., Ste. 700, Jacksonville, FL 32202 (kirwinn.mike@us.doj.gov), this 10th day of November, 2022.

                                          /s/ Curtis S. Fallgatter
                                          ATTORNEY

129051