UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED

2023 MAR 23 PM 12:00

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES OF AMERICA

v.    CASE NO. 3:22-cr-141(S1)-HES-PDB
      21 U.S.C. § 846
      21 U.S.C. § 841(a)(1)
      18 U.S.C. § 1503
      18 U.S.C. § 2

SCOTT ANDREW HOLLINGTON

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
(Conspiracy to Commit Unlawful Distribution of Controlled Substances)

### A. Introduction

At all times material to this Indictment:

1. Defendant SCOTT ANDREW HOLLINGTON was a Florida-licensed medical doctor with a DEA registration number to prescribe controlled substances.

2. HOLLINGTON was the owner and primary physician at Sawgrass Health, LLC ("Sawgrass"), a mental health and drug treatment clinic in St. Augustine, Florida, within the Middle District of Florida.

3. The Controlled Substances Act, 21 U.S.C. § 801 *et seq.* (the "CSA"), governed the manufacture, distribution, and dispensing of controlled substances in the United States, including narcotics that were prescribed by physicians and nurse practitioners. The CSA established certain drugs and substances as "controlled

substances," which were assigned to one of five schedules—Schedule I, II, III, IV, or V—depending on the drugs' potential for abuse, likelihood of physical or psychological dependency, and accepted medical use.

4. The term "Schedule II" denoted controlled substances with a currently accepted medical use in treatment in the United States and which had a high potential for abuse—abuse that could lead to severe physical or psychological dependence. Amphetamines (Adderall) is a Schedule II controlled substance. The abuse of amphetamines could lead to severe psychological or physical dependence, or overdose.

5. The term "Schedule III" denoted controlled substances with a currently accepted medical use in treatment in the United States and which had a moderate to low potential for physical and psychological dependence. Buprenorphine (Suboxone) is a Schedule III controlled substance.

6. The term Schedule IV denoted controlled substances with a currently accepted medical use in treatment in the United States and which had a low potential for abuse and low risk of dependence. Clonazepam (Klonopin), Benzodiazepines (Valium), Zolpidem-Tartrate (Ambien), and Alprazolam (Xanax) are Schedule IV controlled substances.

7. The CSA defined the term "distribute" to mean the delivery of a controlled substance or listed chemical, whether by actual, constructive, or attempted transfer of a controlled substance or listed chemical.

8. Under federal regulations, medical practitioners registered with the Drug Enforcement Agency ("DEA"), such as the defendants, could not issue a prescription for Schedule II-V controlled substance unless the prescription was issued for a legitimate medical purpose by an individual practitioner acting in the usual course of their professional practice.

9. Florida laws and regulations set forth the standards of professional practice governing controlled substance prescribing in Florida. Florida Administrative Code 64B15-14.009, set forth the standards for office-based opioid addiction treatment to include, among other professional responsibilities, that a practitioner prescribing controlled substances:

   a. Conduct a complete medical history and physical examination that is documented in the medical record before beginning any treatment;

   b. Develop a written individualized treatment plan that state objectives that will be used to determine treatment success. This plan shall be reviewed periodically, and the physician shall adjust drug therapies to the individual medical needs of each patient;

   c. Discuss the risks and benefits of the use of approved opioid medications, which the patient shall receive from only one physician and/or one pharmacy when possible. The physician shall use a written controlled substance agreement outlining the patient's responsibilities;

3

 d. See the patient at reasonable intervals, at least weekly during initial treatment, to determine compliance with dosing regimen, effectiveness of treatment plan, and to assess how the patient is responding to the medication. Once a stable dosage is achieved and urine (or other toxicologic) tests are free of illicit drugs, less frequent office visits may be initiated (monthly may be reasonable for patients on a stable dose of the prescribed medication(s) who are making progress toward treatment objectives);

 e. Evaluate the patient's progress toward treatment objectives, consider absence of toxicity, absence of medical or behavior adverse effects, responsible handling of medications, compliance with treatment plan, and the abstinence from illicit drug use;

 f. Refer the patient as necessary for additional evaluation and treatment to achieve treatment objectives;

 g. Maintain accurate, current, and complete records that document the suitability of the patient for office-based treatment, which include: (1) medical history and physical examination, (2) diagnostic, therapeutic, and laboratory results; (3) evaluations and consultations, (4) treatment objectives; (5) discussion of risks and benefits, (6) treatments, (7) medications, (8) a physical inventory of all controlled substances on hand that are dispensed

by they physician, (9) instructions and agreements, (10) and periodic reviews.

### B.   The Charge

10.   Beginning in or around June 2021, and continuing through in or around July 2022, in the Middle District of Florida, and elsewhere, the defendant,

SCOTT ANDREW HOLLINGTON,

did knowingly and willfully combine, conspire, confederate, and agree with others, both known and unknown to the grand jury, to commit offenses against the United States, specifically, to distribute and dispense amphetamine, clonazepam, benzodiazepine, and buprenorphine, Schedule II, III, and IV controlled substances, which violation involved prescriptions issued not for a legitimate medical purpose in the usual course of professional practice. It was part of the conspiracy that the conspirators would perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

In violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), 841(b)(1)(E)(i), and 841(b)(2).

### COUNT TWO THROUGH ELEVEN
(Unlawful Distribution of Controlled Substances)

1.   Part A of Count One of this Indictment is realleged and incorporated as though fully set forth herein.

2. On or about the date set forth below in each count, in the Middle District of Florida, and elsewhere, the defendant,

SCOTT ANDREW HOLLINGTON,

did knowingly and intentionally distribute and dispense, and willfully caused to be distributed and dispensed, and aid and abet the same, the Schedule II, III, and IV controlled substances identified in each count, which violation involved prescriptions issued not for a legitimate medical purpose in the usual course of professional practice:

| COUNT | PRESCRIPTION ISSUE DATE | PRESCRIPTION WRITTEN TO | CONTROLLED SUBSTANCE(S) | SCHEDULE |
|---|---|---|---|---|
| TWO | February 14, 2022 | Kevin Lee | Amphetamine | II |
| THREE | February 20, 2022 | Kevin Lee | Amphetamine | II |
| FOUR | March 21, 2022 | Amanda Fleming | Amphetamine<br>Buprenorphine | II<br>III |
| FIVE | March 21, 2022 | Kevin Lee | Amphetamine<br>Buprenorphine | II<br>III |
| SIX | April 4, 2022 | Amanda Fleming | Benzodiazepine | IV |
| SEVEN | April 5, 2022 | Thomas Breo | Amphetamine<br>Benzodiazepine | II<br>IV |

6

| EIGHT | April 5, 2022 | Joseph Mast | Amphetamine | II |
|---|---|---|---|---|
| **NINE** | May 23, 2022 | Amanda Fleming | Amphetamine<br><br>Buprenorphine<br><br>Alprazolam | II<br>III<br>IV |
| **TEN** | May 24, 2022 | Ricky Johnson | Amphetamine | II |
| **ELEVEN** | July 18, 2022 | Amanda Fleming | Amphetamine<br><br>Buprenorphine<br><br>Alprazolam | II<br>III<br>IV |

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(E)(i), and 841(b)(2), and 18 U.S.C. § 2.

## COUNT TWELVE
(Unlawful Distribution of Controlled Substances)

1. Part A of Count One of this Indictment is realleged and incorporated as though fully set forth herein.

2. On or about August 30, 2020, in the Middle District of Florida, and elsewhere, the defendant,

SCOTT ANDREW HOLLINGTON,

did knowingly and intentionally distribute and dispense, and willfully caused to be distributed and dispensed, and aid and abet the same, Buprenorphine, a Schedule III

7

controlled substance, to an individual known to the grand jury as "A.B.," which violation involved prescriptions issued not for a legitimate medical purpose in the usual course of professional practice.

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(E)(i), and 18 U.S.C. § 2.

## COUNT THIRTEEN
(Unlawful Distribution of Controlled Substances)

1. Part A of Count One of this Indictment is realleged and incorporated as though fully set forth herein.

2. On or about September 27, 2020, in the Middle District of Florida, and elsewhere, the defendant,

SCOTT ANDREW HOLLINGTON,

did knowingly and intentionally distribute and dispense, and willfully caused to be distributed and dispensed, and aid and abet the same, Amphetamine, a Schedule II controlled substance, and Zolpidem-Tartrate, a Schedule IV controlled substance, to an individual known to the grand jury as "K.W.", which violation involved prescriptions issued not for a legitimate medical purpose in the usual course of professional practice.

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(2), and 18 U.S.C. § 2.

## COUNT FOURTEEN
(Unlawful Distribution of Controlled Substances)

1. Part A of Count One of this Indictment is realleged and incorporated as though fully set forth herein.

8

2. On or about February 21, 2021, in the Middle District of Florida, and elsewhere, the defendant,

SCOTT ANDREW HOLLINGTON,

did knowingly and intentionally distribute and dispense, and willfully caused to be distributed and dispensed, and aid and abet the same, Buprenorphine, a Schedule III controlled substance, and Alprazolam, a Schedule IV controlled substance, to an individual known to the grand jury as "E.M.", which violation involved prescriptions issued not for a legitimate medical purpose in the usual course of professional practice.

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(E)(i), and 841(b)(2), and 18 U.S.C. § 2.

## COUNT FIFTEEN
(Unlawful Distribution of Controlled Substances)

1. Part A of Count One of this Indictment is realleged and incorporated as though fully set forth herein.

2. On or about August 21, 2022, in the Middle District of Florida, and elsewhere, the defendant,

SCOTT ANDREW HOLLINGTON,

did knowingly and intentionally distribute and dispense, and willfully caused to be distributed and dispensed, and aid and abet the same, Buprenorphine, a Schedule III controlled substance, and Benzodiazepine, a Schedule IV controlled substance, to an individual known to the grand jury as "D.A." ~~in return for sexual favors~~ [km RR], which

violation involved prescriptions issued not for a legitimate medical purpose in the usual course of professional practice.

In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(E)(i), and 841(b)(2), and 18 U.S.C. § 2.

## COUNTS SIXTEEN THROUGH TWENTY
(Obstruction of Justice)

On or about the date of each count set forth below, in the Middle District of Florida, the defendant,

SCOTT ANDREW HOLLINGTON,

did corruptly influence, obstruct and impede and endeavor to influence, obstruct and impede the due administration of justice in the *United States v. Scott A. Hollington*, Case No. 3:22-cr-141-HES-PDB, in the U.S. District Court for the Middle District of Florida, by making additions and alterations to the medical files and records of the patients identified in the counts below:

| COUNT | DATE | PATIENT |
|---|---|---|
| SIXTEEN | November 4, 2022 | Kevin Lee |
| SEVENTEEN | November 16, 2022 | Amanda Fleming |
| EIGHTEEN | November 16, 2022 | Thomas Breo |
| NINETEEN | November 16, 2022 | Joseph Mast |

10

| TWENTY | November 16, 2022 | Ricky Johnson |

In violation of 18 U.S.C. §1503.

## **FORFEITURE**

1. The allegations contained in Counts One through Twenty are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. §2461(c).

2. Upon conviction of a violation of 21 U.S.C. § 846 and/or 21 U.S.C. § 841(a)(1), the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. Upon conviction of a violation of 18 U.S.C. § 1503, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

4. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of at least $60,000, which represents the proceeds that the defendant obtained as a result of the commission of the offenses charged, and the defendant's medical license, registered in the name of Scott Andrew Hollington (License Number: ME124829).

5. If any of the property described above, as a result of any acts or omissions of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property, which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c),

including but not limited to the following assets seized on October 28, 2022:

    a.    Approximately $800.00 in U.S. Currency;

    b.    Approximately $4,000.00 in U.S. Currency; and

    c.    30 Assorted Coins, collectively valued at approximately $10,586.00.

A TRUE BILL,



Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
KIRWINN MIKE
Assistant United States Attorney

By: _____
AAKASH SINGH
Assistant United States Attorney

By: _____
FRANK TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
3/23/23 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

SCOTT ANDREW HOLLINGTON

INDICTMENT

Violations: 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 1503

A true bill, 

_____
Foreperson

Filed in open court this 23rd day

of March, 2023.

_Inau S. Renotti_
_____
Clerk

Bail  $_____

GPO 863 525