UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO.:  3:22-cr-141-TJC-PDB

SCOTT ANDREW HOLLINGTON
_____/

**RESPONSE TO
UNITED STATES' MOTION IN LIMINE
TO EXCLUDE GOOD ACT EVIDENCE
AND DEFENDANT'S SELF-SERVING HEARSAY (Doc. 173)**

COMES NOW the Defendant, Scott Andrew Hollington, by and through his undersigned counsel, and hereby responds to United States' Motion in Limine to Exclude Good Act Evidence and Defendant's Self-serving Hearsay (Doc. 173), and in response thereto, states as follows:

1. The United States has filed a 16-page pleading, citing general or abstract rules and law, with regard to trial evidentiary rulings.[1] Obviously, those rules cannot

---

[1] The government also cites to *United States v. Ifedbiba*, 46 F.4th 1225 (11th Cir. 2022), in support of their motion. However, the defendant in *Ifedbiba* ran a pill mill (*id*. at 1231), and his pill mill involved 1,850 patients who received some 85,264 kgs of drugs. *Id*. at 1237. The government improperly insists on characterizing Dr. Hollington as a pill mill doctor. He is not. Indeed, the Court has heard the government admit that each of the actual patients they intend to call (Counts 12-15) were addicts who needed the prescriptions they received. That is the antithesis of a pill mill, and the government should not be permitted to further prejudice Dr. Hollington with pill mill case cites – especially ones of the magnitude of *Ifedbiba*.

be applied until the Court is presented with an actual witness or evidence that might potentially implicate such rules.

2. It appears that the government is concerned that Dr. Hollington might call character witnesses to refute the government's claim (through no fewer than nine witnesses) that he is a corrupt physician improperly issuing prescriptions for controlled substances – as part of some conspiracy to do so. The defense will be mindful of that concern and, at the appropriate time, will proffer to the Court the anticipated testimony of any such character witnesses.

3. In addition, the defense points out that Rule 404(a)(2), Fed. R. Crim. P., specifically creates an <u>exception</u> to the "prohibited uses" of character evidence, set forth in Rule 404(a)(1) – for <u>defendants</u>. Whereas "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait" – "a defendant may offer evidence of the defendant's pertinent trait."

WHEREFORE, Defendant Scott Andrew Hollington respectfully requests the Court reserve ruling on this matter until presented with concrete examples during the progress of this trial.

Respectfully submitted,

**FALLGATTER CATLIN & VARON, P.A.**

    /s/ Curtis S. Fallgatter
Curtis S. Fallgatter, Esq.
Florida Bar No: 0213225
200 East Forsyth Street
Jacksonville, Florida 32202
(904) 353-5800 Telephone
(904) 353-5801 Facsimile
fallgatterlaw@fallgatterlaw.com Email
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to: (1) Kirwinn Mike, Esq., Assistant United States Attorney, and (2) Ashley Washington, Esq., Assistant United States Attorney, Office of the United States Attorney, 300 North Hogan St., Ste. 700, Jacksonville, FL 32202 (kirwinn.mike@usdoj.gov and ashley.washington2@usdoj.gov), this 13th day of July, 2023.

    /s/ Curtis S. Fallgatter
ATTORNEY

138405