UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 3:22-cr-141-TJC-PDB

SCOTT ANDREW HOLLINGTON

**UNITED STATES' CONSENT MOTION FOR PRELIMINARY
ORDER OF FORFEITURE FOR DEFENDANT'S MEDICAL LICENSE**

Pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(b)(2), the United States moves for entry of a preliminary order of forfeiture against the defendant for his medical license, registered in the name of Scott Andrew Hollington, License Number: ME124829, which was property used, or intended to be used, in any manner or part, to commit or to facilitate the unlawful distribution of controlled substances offenses, for which the defendant was convicted.

The United States further asks that, in accordance with the defendant's conviction at trial, the preliminary order of forfeiture become final as to the defendant at sentencing. In support of its motion, the United States submits the following memorandum of law.

# MEMORANDUM OF LAW

1. **STATEMENT OF FACTS**

    A. **Allegations Against the Defendant**

    1. The defendant was charged in a Superseding Indictment with, in pertinent part, 14 counts of violations of 21 U.S.C. § 841(a)(1) (Unlawful Distribution of Controlled Substances). Doc. 68. In sum, the defendant, a doctor, prescribed patients with controlled substances that were not medically necessary or were outside the usual course of professional practice. *Id*.

    2. The Superseding Indictment also contained forfeiture allegations putting the defendant on notice that, pursuant to 21 U.S.C. § 853, the United States would seek to forfeit the defendant's medical license.[1] *Id.* at 11.

    B. **Finding of Guilt**

    3. On July 14, 2023, a jury trial commenced.

    4. On July 25, 2023, a jury found the defendant guilty of 14 counts of knowingly or intentionally distributing or dispensing controlled substances to patients not for a legitimate medical purpose and outside the usual course of professional practice. Doc. 204.

---

[1] The Superseding Indictment also notified that defendant that the United States would seek an order of forfeiture in the amount of at least $60,000, *id.*, which sum represented the total proceeds the defendant obtained as a result of the conspiracy count. In light of the conspiracy count being dismissed, the United States will not seek an order of forfeiture against the defendant. As a result, the United States will also not seek to forfeit the substitute assets identified as subject to forfeiture in the Superseding Indictment. *See id.* at 12.

5. The jury did not determine whether the defendant's medical license should be forfeited because the parties previously agreed that forfeitability of assets would be determined by the Court. *See* Stipulation and Waiver of Jury Trial as to Forfeiture, Doc. 145.

6. The undersigned consulted with defense counsel on March 13, 2024, who indicated that the defendant consented to the filing of this motion.

### C. Relevant Facts Established at Trial

7. The defendant was indicted on fourteen counts of unlawfully distributing controlled substances, in violation of 21 U.S.C. § 841(a)(1). At trial, an expert Government witness testified that the defendant wrote prescriptions for patients that were not written in the course of legitimate medical treatment. *See* Testimony of Dr. Gene Kennedy. A jury convicted the defendant on all counts.

## II. APPLICABLE LAW

### A. Forfeiture Authority

Federal Rule of Criminal Procedure 32.2 governs the criminal forfeiture of property based on a defendant's conviction for the offense giving rise to the forfeiture. Rule 32.2(b)(1)(A) requires that as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted, the Court must determine what property is subject to forfeiture under the applicable statute.

Once the Court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture. Fed. R. Crim. P. 32.2(b)(2)(a). The

preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

In sentencing a person convicted of distributing a controlled substance, in violation of 21 U.S.C. § 841(a)(1), a defendant must forfeit any property that was used, or intended to be used, to commit or to facilitate the commission of such offense. *See* 21 U.S.C. § 853(a)(2). Rule 32.2(b)(1) provides that, when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the defendant's crime. Because forfeiture is an aspect of sentencing, the United States need only prove by a preponderance of the evidence that the forfeiture requested is warranted. *See United States v. Dicter,* 198 F.3d 1284, 1289-90 (11th Cir. 1999). The Court's determination may be based on evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B).

### B.   Forfeiture of the Defendant's Medical License

Here, because the defendant used his medical license to distribute controlled substances that were not medically necessary to patients, his medical license is forfeitable as property facilitating the crime for which he was convicted. *United States v. Singh*, 390 F.3d 168, 190 (2d Cir. 2004) (a medical license is forfeitable as facilitating property under § 853(a)(2) if the doctor uses the license to distribute controlled substances in violation of the Controlled Substances Act; under § 853(b), property includes "rights, privileges, interests, claims, and securities"); *United States v.*

*Dicter*, at 1291–92 (same; the license is intangible property that made it possible for the doctor to write illegal prescriptions).

Because the defendant's medical license was used, or intended to be used, to commit or to facilitate the unlawful distribution of controlled substances, as charged in Counts Two through Fifteen, it is appropriate for the Court to enter a preliminary order of forfeiture for the defendant's medical license, pursuant to 21 U.S.C. § 853.

### III. Conclusion

For the reasons stated above, the United States requests that the Court, pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(b), enter a preliminary order of forfeiture for the defendant's medical license.

In accordance with Rule 32.2(b)(4)(A), the United States further requests that the preliminary order of forfeiture become final as to the defendant at sentencing.

As required by Fed. R. Crim. P. 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

Finally, the United States requests that the Court retain jurisdiction to address any third party-claim that may be asserted in these proceedings.

Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By:   *s/Nicole M. Andrejko*
     NICOLE M. ANDREJKO
     Assistant United States Attorney
     Florida Bar No. 0820601
     400 West Washington St., Suite 3100
     Orlando, Florida 32801
     Telephone: (407) 648-7560
     Facsimile: (407) 648-7643
     E-Mail: Nicole.Andrejko@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney