UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SCOTT ANDREW HOLLINGTON,

        Defendant
_____/

Case No.: 3:22-cr-141-TJC-PDB

**SUPPLEMENT TO
SENTENCING MEMORANDUM – FINAL PSI**

COMES NOW the Defendant, Scott Andrew Hollington, by and through his undersigned counsel, and, for the convenience of the Court and parties (and, to insure the accuracy of the pending objections), hereby files this Supplement to his January 15, 2025 Sentencing Memorandum (Doc. 243), for the limited purpose of updating and reciting the current objections to the PSI (now that the final PSI has been published – on January 30, 2025 – Doc. 246), and in support thereof, states as follows:

A.    Introduction

    1.    Given the complexities of this case, and to provide the Court with relevant sentencing information, sufficiently in advance of the February 6, 2025 sentencing hearing (knowing the final PSI would not be disclosed until January 30,

2025), counsel for Dr. Hollington filed his Sentencing Memorandum (Doc. 243) on January 15, 2025.

    2.    That Sentencing Memorandum (at 17, n. 1) stated:

> However, if necessary, after the final PSI is published, counsel may file a short supplement, depending on the content of the final PSI.

    3.    Thus, and, again, for the convenience of the Court and the parties, counsel for Dr. Hollington will provide the <u>current</u> list of objections, and will also identify those which counsel is withdrawing and those for which counsel is willing to rely on the record, for the Court to rule, without need for further argument (subject, of course, to the Court's preference and guidance).

B.    <u>Objections Withdrawn</u>

The final PSI has resolved these prior objections:

    4.    18-21 – Medical examination and urine testing

This prior objection addressed the report that the UC agent was "not subjected to a medical examination." However, we note the final PSI kindly reports: "Hollington maintains that medical examinations are 'not necessary to treat drug addicts.'" PSI at 8, n. 3.

In addition, the PSI also addresses our position that "urine surveillance" is "irrelevant to an addiction doctor treating addicts and are not entirely accurate." PSI

at 9, n. 4.

Counsel believes these notes properly addresses our objections, to each of these paragraphs, and thus withdraws these objections.

B.   **PSI Comments and/or Objections – Counsel Will Rely on the Record**

    5.   As stated in the Sentencing Memorandum (at 17):

> Counsel will adopt the analysis and comments set forth in his October 6, 2023 letter to Ms. Irish Anderson (which adopted counsel's pre-draft PSI letter of August 10, 2023), as well as the November 8, 2024 Supplement (reporting the disposition of the state case), copies of which we understand will be attached to the final PSI – and will not repeat them in this Memorandum.

    6.   Thus, counsel does so with regard to the following paragraphs of the PSI:[1]

    a.   ¶24 – Brewington – Sex with Dr. Hollington

Counsel relies on his October 6, 2023 letter to Ms. Irish Anderson (at 3, ¶3).

    b.   ¶29 – Counts 16-20 – Obstruction

Counsel relies on his October 6, 2023 letter to Ms. Irish Anderson (at 4, ¶5).

    c.   ¶32 and ¶44 – Adjustment for Obstruction of Justice

Counsel relies on his October 6, 2023 letter to Ms. Irish Anderson (at 4, ¶6).

---

[1] These paragraph references will refer to the paragraphs of the January 30, 2025 final PSI.

C.  PSI Comments and/or Objections – Counsel Requests to be Heard

Counsel respectfully requests to be heard on the following paragraphs (in addition to his written objections):

7.  ¶43 – Adjustment for Role in the Offense ("Special Skill")

This issue is fully addressed in counsel's October 6, 2023 letter to Ms. Irish Anderson (at 7-8, ¶9).

The Addendum rejects this objection, stating the "base offense level" for §2D1.1 and its "specific offense characteristics do not include consideration for physicians who abuse their position of trust or special skills to distribute drugs," such that this "aggravating factor is only captured in Chapter Three ... Role in the Offense."  PSI at 23.

Respectfully, that is precisely the point.  But for the government using Title 21 to prosecute a doctor who is giving prescriptions, and the government characterizing it as drug distribution – there would be no prosecution at all.  In other words, a physician is authorized to distribute controlled substances, and he can only be prosecuted, under Title 21, because he is using that "special skill."

Indeed, this Indictment starts out with the allegation that Dr. Hollington "was a Florida-licensed medical doctor."  Indictment at 1, Part A.1. (emphasis added). Similarly, the distribution alleged was for "prescriptions" – that only a physician can

4

authorize. Indictment at 5 (Part B.10) and 6 (Part 2).

In short, this alleged crime could not have been committed – but for Dr. Hollington having his medical license. For that reason, this adjustment cannot apply, since the underlying Title 21 crime (and the applicable base offense level) would not exist – but for Dr. Hollington being a doctor.

Lastly, even if it were to apply, it overstates the seriousness of his conduct.

8.   ¶46 – <u>Acceptance of Responsibility</u> (see also PSI ¶33)

This issue is fully addressed in counsel's October 6, 2023 letter to Ms. Irish Anderson (at 7-8, ¶9).

However, counsel respectfully asks the Court to defer ruling on this matter – until hearing from Dr. Hollington, who will address the Court during his sentencing hearing.

9.   ¶49 – <u>Criminal History</u>  [NEW]

As the time of his conviction in this case, Dr. Hollington had <u>no prior criminal history</u>.

Due to the continuation of the sentencing in this case (with the support of the parties), for Dr. Hollington to resolve his Volusia County case, he now has that state conviction, for which the PSI correctly awards 3 points. PSI ¶49.

However, at the time of his conviction (15 months <u>prior</u> to this October 24,

5

2024 Volusia County conviction), Dr. Hollington had <u>no criminal history</u>. As such, he would have been entitled to the "Zero-Point Offender," 2-level reduction, in accordance with USSG §4C1.1(a).[2]

Of course, the potential of Dr. Hollington picking up criminal history points, with a continuance of the sentencing, was understood by all. Indeed, the January 10, 2024 Joint Status Report (Doc. 229) specifically noted (in n. 1):

> Counsel for Dr. Hollington is mindful that a conviction in the State case might adversely affect the federal sentencing guidelines, but <u>remains hopeful the Court will recognize that is a consequence of the parties adhering to the principles of judicial economy</u>, in suggesting any federal sentencing hearing should be abated, pending the outcome of the State case.

(emphasis added).

For these reasons, counsel respectfully requests this Honorable Court <u>not</u> award these criminal history points, and still consider, for federal sentencing purposes, Dr. Hollington as "Zero-Point Offender" (and thus not only award him the 2-level reduction, but place him in Criminal History I) – or at least consider a variance to support this request.

WHEREFORE, it is respectfully requested that this Court impose a probation-

---

[2] The draft PSI, dated September 28, 2023 (and thus issued 13 months prior to the Volusia County conviction), granted Dr. Hollington that 2-level reduction. Draft PSI at ¶46.

type sentence (including possibly home detention), or, alternatively, impose a sentence to run concurrently with the pending State sentence, and, further, direct that said federal sentence be served in the State facilities.

        Respectfully submitted,

        **FALLGATTER CATLIN & VARON, P.A.**

          /s/ Curtis S. Fallgatter
        Curtis S. Fallgatter, Esq.
        Florida Bar Number:  0213225
        200 East Forsyth Street
        Jacksonville, Florida 32202
        (904) 353-5800 Telephone
        (904) 353-5801 Facsimile
        fallgatterlaw@fallgatterlaw.com Email
        Attorneys for Defendant

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to: (1) Kirwinn Mike, Esq., Assistant United States Attorney, (2) Ashley Washington, Esq., Assistant United States Attorney, Office of the United States Attorney, 300 North Hogan St., Ste. 700, Jacksonville, FL 32202 (kirwinn.mike@usdoj.gov and ashley.washington2@usdoj.gov), and (3) Ms. Irish Anderson, Senior Probation Officer, United States Probation Office (irish_anderson@flmp.uscourts.gov), this 31st day of January, 2025.

          /s/ Curtis S. Fallgatter
        ATTORNEY

155830