February 18, 2025

The Honorable Judge Timothy Corrigan

Dear Judge Corrigan,

I am Steve Hollington, brother of Scott Hollington. I wanted to write a letter focused more on why I believe a lenient or atypical sentencing approach might make sense for the US District Court, the State of Florida, and Scott and his family.

In consideration of potential leniency, it is worth noting some background on Scott's family. Scott was always the primary income source for his family, which includes a financially independent adult son in Minnesota; Scott's wife, Jeanne; and Scott and Jeanne's oldest son, Kevin. Although Jeanne has a bachelor's degree, her work as a professional artist has provided only supplemental income to the family. Due to Scott's incarceration, she is now working as a tutor, but she has been forced to launch a new career in her late 50s, reducing her economic prospects to some degree.

Although chronologically an adult, Kevin is a special needs individual who is unlikely to ever embark on any career path which would facilitate his financial independence. Because of this, and his special needs status, he has resided with Scott and Jeanne – during Scott's incarceration, Jeanne only – throughout his life, and that is unlikely to change. He is also emotionally challenged to some degree and is more functional when both Scott and Jeanne can be present.

It is also worth noting that despite the federal crimes for which he was convicted, financial gain was never a driving factor, and while employed Scott's work provided a reasonable, but not extraordinary middle-class life. Scott also contributed economically to society for decades as a taxpayer, and tax evasion was not one of his federal crimes. Their savings and financial situation have deteriorated very significantly due to his arrest and incarceration, to the point where he and Jeanne are unlikely to ever fully recover or to even fund retirement. Scott has also lost the ability to practice medicine, although he is determined to find a path to economically providing for his family if circumstances someday allow it.

Since his arrest in 2022, Scott has endured home confinement, followed by incarceration by the state of Florida for a state conviction. His state incarceration will conclude in spring 2026, a period of four years of both situational and economic hardship for Scott, Jeanne and Kevin, and of emotional distress for Kevin.

This brings us to the point of consideration for his federal sentencing. Scott has endured his incarceration and is aware that additional time in federal penitentiaries could be in his future, but the individuals who have suffered most greatly during this time have been Jeanne and



Kevin. Therefore, additional incarceration time would likely most adversely affect two innocent individuals more than Scott.

Further, should the federal judicial system incarcerate Scott, he will become an economic ward of the government, while Jeanne and Kevin will be at higher risk of becoming economic wards of the state of Florida themselves. In other words, from a purely economic perspective there is no benefit to a lengthy incarceration, and significant economic risk.

As noted above, Scott can no longer participate in the medical field, but he has a strong desire to try to financially provide for his family in some other endeavor, even if home arrest is part of his federal sentencing. The societal benefit to potential home arrest, in lieu of incarceration, is not only economic in reducing the risk for Scott, Jeanne and Kevin to become wards of the state, but an intangible benefit to Kevin due to Scott's presence at home. Should Scott successfully find some form of economic participation in society, we would all benefit by having an individual contributing to society through taxes rather than negatively impacting society as an additional ward of the government.

I therefore encourage you to consider alternatives, particularly home arrest, in Scott's case – not for his benefit but for Kevin's in particular, and to mitigate the economic risk to federal and Florida taxpayers. Scott has already paid a high price, literally and figuratively, for his convictions, and there is little to be gained societally through additional incarceration.


Best Regards,

*Steven A. Hollington*

Steven A. Hollington
Oro Valley, AZ