# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

**Case Number: 3:22-cr-141-TJC-PDB**

**v**

**USM Number: 29110-510**

**SCOTT ANDREW HOLLINGTON**

Curtis Fallgatter
200 East Forsyth St.
Jacksonville, FL 32202

_____

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty as to Counts Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty of the Superseding Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. §2 | Knowing or Intentional Unlawful Distribution of Amphetamine, a Schedule II Controlled Substance, not for a Legitimate Medical Purpose and Outside the Usual Course of Professional Practice | February 2022 | Two |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. §2 | Knowing or Intentional Unlawful Distribution of Amphetamine, a Schedule II Controlled Substance, not for a Legitimate Medical Purpose and Outside the Usual Course of Professional Practice | February 2022 | Three |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. §2 | Knowing or Intentional Unlawful Distribution of Amphetamine, a Schedule II Controlled Substance, and Buprenorphine, a Schedule III Controlled Substance, not for a Legitimate Medical Purpose and Outside the Usual Course of Professional Practice | March 2022 | Four |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. §2 | Knowing or Intentional Unlawful Distribution of Amphetamine, a Schedule II Controlled Substance, and Buprenorphine, a Schedule III Controlled Substance, not for a Legitimate Medical Purpose and Outside the Usual Course of Professional Practice | March 2022 | Five |
| 21 U.S.C. §§ 841(a)(1), 841(b)(2), and 18 U.S.C. §2 | Knowing or Intentional Unlawful Distribution of Benzodiazepine, a Schedule IV Substance, not for a Legitimate Medical Purpose and Outside the Usual Course of Professional Practice | April 2022 | Six |

AO245B (Rev. 09/19) Judgment in a Criminal Case

Scott Andrew Hollington
3:22-cr-141-TJC-PDB

| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(2) and 18 U.S.C. §2 | Knowing or Intentional Unlawful Distribution of Amphetamine, a Schedule II Controlled Substance, and Benzodiazepine, a Schedule IV Controlled Substance, not for a Legitimate Medical Purpose and Outside the Usual Course of Professional Practice | April 2022 | Seven |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. §2 | Knowing or Intentional Unlawful Distribution of Amphetamine, a Schedule II Controlled Substance, not for a Legitimate Medical Purpose and Outside the Usual Course of Professional Practice | April 2022 | Eight |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(2) and 18 U.S.C. §2 | Knowing or Intentional Unlawful Distribution of Amphetamine, a Schedule II Controlled Substance; Buprenorphine, a Schedule III Controlled Substance; and Alprazolam, a Schedule IV Controlled Substance, not for a Legitimate Medical Purpose and Outside the Usual Course of Professional Practice | May 2022 | Nine |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. §2 | Knowing or Intentional Unlawful Distribution of Amphetamine, a Schedule II Controlled Substance, not for a Legitimate Medical Purpose and Outside the Usual Course of Professional Practice | May 2022 | Ten |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(2) and 18 U.S.C. §2 | Knowing or Intentional Unlawful Distribution of Amphetamine, a Schedule II Controlled Substance; Buprenorphine, a Schedule III Controlled Substance; and Alprazolam, a Schedule IV Controlled Substance, not for a Legitimate Medical Purpose and Outside the Usual Course of Professional Practice | July 2022 | Eleven |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(E)(i), and 18 U.S.C. §2 | Knowing or Intentional Unlawful Distribution of Buprenorphine, a Schedule III Controlled Substance, Outside the Usual Course of Professional Practice | August 2020 | Twelve |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(2) and 18 U.S.C. §2 | Knowing or Intentional Unlawful Distribution of Amphetamine, a Schedule II Controlled Substance, and Zolpidem-Tartrate, a Schedule IV Controlled Substance, Outside the Usual Course of Professional Practice | September 2020 | Thirteen |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(E)(i), 841(b)(2) and 18 U.S.C. §2 | Knowing or Intentional Unlawful Distribution of Buprenorphine, a Schedule III Controlled Substance, and Alprazolam, a Schedule IV Controlled Substance, Outside the Usual Course of Professional Practice | February 2021 | Fourteen |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(E)(i), 841(b)(2) and 18 U.S.C. §2 | Knowing or Intentional Unlawful Distribution of Buprenorphine, a Schedule III Controlled Substance, and Benzodiazepine, a Schedule IV Controlled Substance, Outside the Usual Course of Professional Practice | August 2022 | Fifteen |
| 18 U.S.C. §1503 | Obstruction of Justice | November 2022 | Sixteen |

AO245B (Rev. 09/19) Judgment in a Criminal Case

Scott Andrew Hollington
3:22-cr-141-TJC-PDB

| 18 U.S.C. §1503 | Obstruction of Justice | November 2022 | Seventeen |
| 18 U.S.C. §1503 | Obstruction of Justice | November 2022 | Eighteen |
| 18 U.S.C. §1503 | Obstruction of Justice | November 2022 | Nineteen |
| 18 U.S.C. §1503 | Obstruction of Justice | November 2022 | Twenty |

The defendant is sentenced as provided in pages 4 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The original Indictment is dismissed on the motion of the government.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence:

March 28, 2025

**TIMOTHY J. CORRIGAN**
**SENIOR UNITED STATES DISTRICT JUDGE**

April _____ 9 _____, 2025

Scott Andrew Hollington
3:22-cr-141-TJC-PDB

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **ONE HUNDRED FORTY-FOUR (144) MONTHS. This term consists of a 144-month term as to Counts Two through Five, Seven through Eleven, and Thirteen; a 60-month term as to Count Six; and a 120-month term as to Counts Twelve, Fourteen, and Fifteen through Twenty, all such terms to run concurrently. The 144-month term of imprisonment imposed by this judgment shall run consecutively with the defendant's term of imprisonment imposed pursuant to the judgment in Case Number 2023CF304283, Volusia County Circuit Court, DeLand, Florida.**

The Court makes the following recommendations to the Bureau of Prisons:
- Incarcerated at FCI Jesup
- Mental health programming
- Mental health programming specializing in sex offender treatment

The defendant is remanded to the custody of the United States Marshal to await designation by the Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy United States Marshal

AO245B (Rev. 09/19) Judgment in a Criminal Case

Scott Andrew Hollington
3:22-cr-141-TJC-PDB

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **THREE (3) YEARS. This term consists of a 3-year term as to Counts Two through Five, Seven through Eleven, Thirteen, and Sixteen through Twenty; a 1-year term as to Count Six; and a 2-year term as to Counts Twelve, Fourteen, and Fifteen, all such terms to run concurrently.**

## MANDATORY CONDITIONS

1.      You must not commit another federal, state or local crime.
2.      You must not unlawfully possess a controlled substance.
3.      You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4.      You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO245B (Rev. 09/19) Judgment in a Criminal Case

Scott Andrew Hollington
3:22-cr-141-TJC-PDB

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchucks or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature:_____    Date:_____


AO245B (Rev. 09/19) Judgment in a Criminal Case

Scott Andrew Hollington
3:22-cr-141-TJC-PDB

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.    You shall have no contact, direct or indirect, with individuals identified in Counts Two through 15, the victim identified in Volusia County Circuit Court Case No. 2023CF304283, DeLand, Florida, or any other person who identified themselves to the Court as a victim in this case.

2.    You shall be evaluated for and participate in a mental health program specializing in sexual offender treatment and submit to polygraph testing for treatment and monitoring purposes. You shall follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the probation officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

3.    You shall be evaluated for and participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

AO245B (Rev. 09/19) Judgment in a Criminal Case

Scott Andrew Hollington
3:22-cr-141-TJC-PDB

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | AVAA Assessment[1] | JVTA Assessment[2] | Fine | Restitution |
|---|---|---|---|---|---|
| TOTALS | $1,900.00 | $0.00 | $0.00 | $0.00 | $0.00 |

# SCHEDULE OF PAYMENTS

The Special Assessment in the amount of **$1,900.00** is due in full and immediately.

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

# FORFEITURE

The defendant shall forfeit to the United States the defendant's interest in the property identified in the Preliminary Order of Forfeiture (Doc. 236).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

[1] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[2] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
AO245B (Rev. 09/19) Judgment in a Criminal Case